VINCENZO BADALAMENTI et al., Respondents-Appellants, v CITY OF NEW YORK et al., Defendants, and G.A.L. MANUFACTURING CORPORATION, Appellant-Respondent. [913 NYS2d 147]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, J.), entered January 14, 2010, which, insofar as appealed from as limited by the briefs, granted defendant G.A.L. Manufacturing Corporation's summary judgment motion to the extent of dismissing the failure to warn claim, and denied the motion to the extent it sought dismissal of the design defect, negligence, and breach of warranty claims, unanimously modified, on the law, to reinstate plaintiff's failure to warn claim, and otherwise affirmed, without costs.

Plaintiff Vincenzo Badalamenti, an elevator mechanic's helper employed by nonparty Nouveau Elevator, was injured on April

7, 2003 while working on an elevator car at Lincoln Hospital. Plaintiff needed to turn off the power to two elevator cars to install an electrical cover underneath one of the cars. Plaintiff testified at his deposition that he thought he had put the safety pit switch on each car in the down position, which would have cut the power to the elevator's motor and ensured that the car could not move up or down. The safety pit switch, which was manufactured by defendant G.A.L. Manufacturing Corporation (G.A.L.), operates much like a toggle light switch. If it is in the up position then power is being delivered to the elevator's motor. If it is in the down position then power should be cut off and the elevator should not be able to move. The safety pit switch overrides any other mechanism of cutting off power or turning on power to the elevator's motor. Plaintiff's leg was crushed when, as he was working on one car, the adjoining car suddenly began to move downward towards the basement.

Plaintiff brought this products liability action, asserting, inter alia, claims of design defect, negligence, breach of warranty and failure to warn. G.A.L. sought summary judgment dismissing the complaint in its entirety. The motion court declined to dismiss the design defect, negligence and breach of warranty claims, but dismissed the failure to warn claim. Defendant and plaintiff respectively appeal and cross appeal from the motion court's order.

The motion court properly determined that G.A.L. did not satisfy its initial burden of establishing, prima facie, that its product was not defective when it left its control; that the incident was caused by something other than a design defect in the switch; that a safer device could not have been designed; and that the alleged defect was not a proximate cause of plaintiff's injuries (see *Adams v Genie Indus., Inc.*, 14 NY3d 535 [2010]; *Speller v Sears, Roebuck & Co.*, 100 NY2d 38 [2003]). In its decision, the motion court focused on the fact that plaintiff had testified that the safety switch was in the fully down position when he was injured. The court properly concluded that based on this fact, it would be reasonable to infer that the switch was defective because the elevator should not have operated if the switch was down. Additionally, the motion court noted that defendant had failed to provide expert opinion on the issues of proximate cause, adequacy of design, and lack of a feasible alternative.

However, the motion court should not have dismissed the failure to warn claim. "A manufacturer has a duty to warn against latent dangers resulting from foreseeable uses of its product of which it knew or should have known" (*Liriano v Hobart Corp.*,

92 NY2d 232, 237 [1998]). Defendant's motion papers did not address the critical question of whether it had knowledge of the latent dangers resulting from a foreseeable use of its switch. Defendant did not provide an affidavit from anyone associated with the company to show it was unaware of the possibility that the switch could appear to be down but still actually be capable of delivering power, such that the power is not cut off. Rather, defendant relied on an argument that the warning would have been superfluous because plaintiff testified that the switch was in the down position. This argument misses the mark because it fails to address the question of whether plaintiff should have been warned that the switch might actually be in some other position.

Even if defendant had met its prima facie burden on knowledge, plaintiff raised an issue of fact through the deposition testimony of G.A.L.'s executive vice-president, Herbert Glaser. He testified that the safety switch was not designed to prevent a user from positioning it incorrectly, i.e., in some other position than fully up or fully down. He further explained that the safety switch did not make a locking sound when it was in either the fully up or fully down position. Glaser testified that power will continue to be provided to the elevator's motor if the safety switch is not in the fully up or fully down position, allowing the car to move. Based on this evidence it could reasonably be inferred that G.A.L. knew or should have known of the danger its switch posed.

In dismissing the failure to warn claim, the motion court incorrectly focused on an accident which had occurred four months prior in the same location. John Neary, an elevator mechanic also employed by Nouveau, was killed while working under an elevator car in which he thought he had cut off the power by putting the safety switch, also manufactured by G.A.L., in the down position. Although the motion court analyzed whether the two accidents were substantially similar, this question is irrelevant. There is no evidence in the record that the Neary accident was reported to G.A.L. prior to plaintiff's accident. Therefore, substantially similar or not, the Neary accident could not have provided G.A.L. with notice. Nonetheless, because defendant did not meet its burden on this motion, the failure to warn claim should not have been dismissed. Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.